UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-81289-ROSENBERG/REINHART

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

LUFKIN ADVISORS, LLC and
CHAUNCEY FORBUSH LUFKIN, III,

                Defendants.
_____/

## ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RENEWED EXPEDITED MOTION FOR PRELIMINARY INJUNCTION AND OTHER RELIEF

**THIS CAUSE** comes before the Court upon the expedited motion by Plaintiff Securities and Exchange Commission ("Commission") for a preliminary injunction against Defendants Lufkin Advisors, LLC and Chauncey Forbush Lufkin, III:

1. Imposing an Asset Freeze of all assets under management by Lufkin Advisors;

2. Ordering Defendants to preserve any records related to the subject matter of this lawsuit that are in their possession, custody, or control;

3. Ordering production of discovery to the Commission on an expedited basis; and

4. Ordering Defendants to provide, within 21 days of the entry of the Order, a sworn accounting of all assets currently under management by Lufkin Advisors and all expenses charged in the last 24 months to either Lufkin Advisors or the private funds it manages.

The Court has considered the Commission's Complaint, its Renewed Expedited Motion for a Preliminary Injunction and Other Relief, its Original Motion and Memorandum of Law in Support, and the declarations and exhibits filed in support thereof. The Court finds that the

Commission has made a sufficient and proper showing in support of the relief granted herein by: (i) presenting a *prima facie* case of securities laws violations by Defendants; and (ii) showing a reasonable likelihood that Defendants will harm the investing public by continuing to violate the federal securities laws unless they are immediately restrained.  The Court also finds good cause to believe that unless immediately restrained and enjoined by this Court, Defendants will continue to dissipate, conceal, or transfer from the jurisdiction of this Court assets which are necessary to allow for a current and accurate accounting of the money and assets under management by Defendants and to allow for clients/investors to withdraw funds if they wish.

Accordingly, the motion is **GRANTED**, and the Court hereby orders as follows:

## I.

## ASSET FREEZE

**IT IS HEREBY ORDERED** that, until the current amount and disposition of assets can be determined, and clients/investors can withdraw funds if they wish:

A. Defendants Lufkin Advisors, LLC and Chauncey Forbush Lufkin, III, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, overnight delivery service, or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located:

   1. Lufkin Advisors

   2. LA Capital Management, Ltd.; and

   3. LA Floating Rate Fund, LP.

B.  Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendant Lufkin Advisors, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known bank accounts:

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| Citibank | LA Floating Rate Fund LP | Ending in 0558 |
| Citibank | Lufkin Advisors, LLC | Ending in 5177 |
| Seaport Global Securities, LLC | L.A. Floating Rate Fund, LP c/o Lufkin Advisors | Ending in 0024 |
| TD Ameritrade | LA Floating Rate Fund LP A Partnership Lufkin Assoc LLC | Ending in 1565 |
| U.S. Bank | Latitude II Int Reserve | Ending in 1100 |
| U.S. Bank | Latitude II Revolving Reserve | Ending in 1101 |
| U.S. Bank | Latitude II Payment | Ending in 1200 |
| U.S. Bank | Latitude II Int Collection | Ending in 1201 |
| U.S. Bank | Latitude II Prn Collection | Ending in 1202 |
| U.S. Bank | Latitude II Collateral | Ending in 1700 |
| U.S. Bank | Latitude II Clear Par Trade Fees | Ending in 1701 |

## II.

### RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that Defendants be and hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of

or pertaining to Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## III.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

    A. Immediately upon entry of this Order, the parties may take depositions upon oral examination of parties and non-parties subject to five (5) business days' notice;

    B. Immediately upon entry of this Order, the parties shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within five (5) business days of service;

    C. Immediately upon entry of this Order, the parties may issue subpoenas for documents, things and electronically stored information to non-parties pursuant to Fed. R. Civ. P. 45, with responses due within one week of the date of service;

    D. All responses to the Commission's discovery requests shall be delivered to Marc Jones, Esq. at 33 Arch Street, 24th Floor, Boston, Massachusetts 02110 by the most expeditious means available; and

    E. Service of discovery requests shall be sufficient if made upon the parties by email, facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## IV.

## SWORN ACCOUNTING

**IT IS FURTHER ORDERED** that Defendants shall submit in writing and serve upon the Commission, within twenty-one (21) business days following service of this Order upon them, an

accounting identifying all assets currently under management by Lufkin Advisors and all expenses charged to either Lufkin Advisors or the private funds it manages as follows:

    A. all transfers or payments of funds to them or any other entity controlled by them from investors or clients in the last twenty-four (24) months (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

    B. all transfers or payments of funds from them or any other entity controlled by them in the last twenty-four (24) months (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

    C. in detail, the precise disposition of each transfer or payment identified in response to either paragraph 1 or paragraph 2 above and all assets derived therefrom, including but not limited to:

- the nature and results of any investment in which the funds were used;
- any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and
- any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

    D. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in either paragraph 1 or paragraph 2 above and the reason each received the funds or assets (the identification shall include the amount each

received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

E. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Lufkin Advisors or the private funds, whether in the United States or elsewhere;

F. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Lufkin Advisors or the private funds, or in which Lufkin Advisors or the private funds have or had any direct or indirect beneficial interest, at any time within the last twenty-four (24) months.

## V.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 27nd day of September, 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to all counsel of record.